The Pit. Declares that the Deft, such a Day and Year broke and entered the Close of the Pit. at South Earnham in the County of York and took and carried away 4000 lb. Tob’o of the Pits, to the value of 40£ Curr’t money and did burn and destroy one Tob’o House then and there being
Upon not guilty a Verd’t is found for the Pit. and 2'q£ Sterl’g Damage and now upon a Motion to Arrest the Judgment it is objected that the Decl. is nought as to the burning of the House it [not] being laid to be the Pits. House, and entire Damages are given. So if the Pit. as to one Trespass hath not Shewn a good cause of Action the Verd’t is not good and he shall not have Judgm’t, which is agreed
It must be agreed likewise that if there are no words in the Declaration which do suffitiontly alledge the House to be the Pits, it shall not be intended after a Verdict
But it will be necessary to understand the reason of the Law in this point which is clear enough in the cases that must be Cited in Maintenance, of the Exception. So I shall mention all or most of the Judgments which have been given upon this point in Order to settle the true difference between them in the present Case
In the Case of Whiteman and Hawkins, 3. Bulst. 303. the Pit. Declares of breaking his Close and taking and carrying away *R2 three Sheaves of Corn then and there being After Verd’t the Judg’t was stay’d. Because it was not Alledged to be the Corn of the Pit. notwithstanding the Words then and there being, which the Court held wou’d not supply it
In the Case of Furrel and Bradley Yelv. 36. The Pit. Declared of an Assault and taking a Mare a Persona ipsius (sic). And after a Verd’t it was moved in Arrest of Judgment, that the Decl. was not good Because the Pit. had not laid any property in the' Mare, for there may be two Intendments as the Declaration is, one that the Mare was the Defts. Then the taking was Lawful. The other that it was the Pits, and then it was Tortious. So being indifferent it shall be taken strongly ag’t the Pit.
[115] 2d Suit Concess vs Fenner being only then in Court, Same Case is Reported in Cro. Ja. 46. and there it appears that Judgment was given Accordingly by the Judges, Gawdy, Fenner & Yelverton
In the Case of Terry and Stradwick 2. Lev. 156. In Case for Obstructing - a Water Course and turning the water upon the Pits, land whereby it was overflowed and Twenty Load of Hay then and there being was Spoiled, not saying the Pits, and for that reason Judgment was Arrested tho it was objected that it might be intended the Hay of the Pit.
In the Case of Bennet and Collingdel 2. Show. 395. In Trespass for taking and carrying away the Cattle of the Pit. to wit, one Horse and a Hat. After a Verd’t Judm’t was arrested because no property in the Hat is laid in the Pit.
And the same point is Admitted in several other Cases 2. Lev. 20. 2. Sannd. 379. Raymond 395. 2. Rol. 250. PI. 7. Yet vid Usher and Bushley 1. Keb. 53.
In the case of Joce and Mills 2. Salk. 64 c. The Pit. Declared for breaking his Close and taking and carrying away the Horses then and there found and 100 Bushels (Congeoo) of Wheat of the proper Goods of the Pit. then and there also found. Upon Not guilty a Verd’t was found for the Pit. and Judgment was Arrested" Because the Horses were not laid to be the Goods of the Pit. for it did not follow that they were the Pits, because they were found in the Pits. Close and the Court wou’d not allow de bonis propriis to be Applied to the Horses, being different Sentences, tho as to that there is a contrary Resolution 2. Rol. Abr. 250. PI. 7. Allowed in that Case by one Justice to be Law.
*R3 These Cases it must be allowed do prove very Clearly That where the Pit. in Trespass Declares of breaking his Close and taking and carrying away Goods or anything Severred from the Freehold he must lay the property of such Things in him. Otherwise it shall be intended he has no property not even after a Verdict And the reason is as clear that there may be two Intendments and that which is against the Pit. shall rather be taken because he ought to make the Cause of his Action appear very Clear upon the face of his Declaration
But in the Case at Barr the Declaration is for Breaking the Pits. Close and burning a Tobacco House then and there being Now after it is say’d that the Close is the Pits. Saying likewise that the House in the Close is the Pits., wou’d have been mere Surplusage. For if the Land was the Pits, it is a necessary Consequence that the House upon the Land is his, against which there can’t possibly [116] be any Intendment as in the Cases of things severed from the Freehold
For supposing a Man is Seised of an Acre of Ground of the value of 10,£ & a House upon the Land of the value of 10^ and he Grant the Ground without mentioning the House, that the House will pass with the Land I think can’t be denied for this see 2. and 123. And upon the Reason of this difference I take it clearly to be Law That if the Pit. in Trespass Declares for breaking his Close and taking and carrying away, or destroying any Thing which is part of the Freehold, tho’ he doth not alledge it to be his the Declaration will be good even upon a Demurrer and fortiori after a Verdict. For tho’ the Law requires a good deal of Exactness in setting forth a Cause of Action it requires nothing Superfluous or unnecessary
In the Case of Holland & Ellis 1. Vent. 278. The Pit. declared for Breaking his Close, treading down the Grass and carrying away divers Loads of Wheat there being, and after a Verd’t it was moved in Arrest of Judgment that the Declaration did not mention whose the Loads of wheat were and it was Adjourn’d. But Ventris. Notes that it was not there growing
Same Case is cited 2. Lev. and there it appears that the Judgm’t was stay’d and Jones Attorney General who say’d he moved the Case again upon the Judgments in Terrys Case (there reported) resisted
But in the 3. Rob. 524. the same Case is Reported and that Judgm’t was stay’d and it was say’d by Wylde and Agreed by *R4 the others that if the Declaration had been for breaking his Close and carrying away divers loads of Wheat, there growing it wou’d be intended the Pits. But being of Loads it is severed and may be the Goods of a Stranger
And this is an Authority full in point to maintain the Deck in the present Case and proves the difference between declaring of any Thing Severed and what is part of the Freehold Vid. Cro. Ja. 129.
• In the Case of Gilliam and Claton 3. Lev. 93. For breaking his Close and pulling up and carrying away 200 Post fixed in the Ground. No Exception is taken that they are not mentioned to be the Pits, posts, besides there are Precedents which justify this Declaration 1. Mod. Intrandi 384. Declaration in Trespass for breaking Pits. Close and cutting, and carrying away several Trees there lately growing without saying they were the Pits. Lillys Int. 439. Declaration in Trespass Clausum fregit and consuming the Grass and Corn in the same Close growing and being without saying his Grass Wherefore notwithstanding this Exception the Pit. ought to have Judgment
Obj. 2. Perhaps another Exception may be taken that the value of the House is not mentioned
Answer. But that is nothing but form and not material In the Case of Usher and Bushel 1. Sidf. 39. Adjudged in Trespass for Goods and [117] Chatties omitting the price or value, is helped after a Verd’t by the Stat. of Jeofails
Same Case 1. Keb. 53. but nothing of this Point, Tho in the Case of Wood and Smith Cro. Ja. in Trover it was held that omitting the price or value was not helped by the Stat. by two Judges ag’t two 129. 130. But in the Case of Bagshaw & Toward. Cro. Ja. 147. It is say’d that it is only matter of Form And so it is Adjudged between Bradford & Ramsay Cro. Ja. 654. and that is Aided by a Verd’t
Obj. 3. Perhaps it may be Objected that the Cause of Action is a Felony and therefore the Pit. ought not to have Judgment Answer. To this I must observe that upon the face of the Deck no Felony Appears nor is there any Special Verdict in the Case, how it appeared upon the Evidence I don’t know But in the Case of the Widow Lutterell vs Reynell and ah 29. Car. 2. 1. Mod. 283. Where the Defend’ts were found Guilty in an Action of Trespass for taking several Sums The Attorney General excepted to the Evidence that it amounted to prove the Defts. *R5 guilty of Felony and the Law will not suffer a Man to Smooth a Felony and bring Trespass for Robbery before the Party has been tried and Acquitted or found guilty
But the Lord Chief Barron Montague, declared and it was agreed that it shall not lie in the Mouth of the Party to say, He is a Felon and not Guilty of Trespass. And this Opinion is Agreeable to the old Books, and not contradicted by any Opinion that I know of Tho’ the Reporter says Perhaps if the Fact appeared upon the Declaration it might be otherwise and puts a Quere what the Law would have been, if it had been found upon a Special Verdict Which is a Questioning the Opinion of the Lord Chief Barron. For there can be no difference Whether it appears upon the Decl. or is found in a Verdict or is discovered upon the Evidence. So that it seems to me in this Case the Law is settled Braxton Cup. 22. Cited Stam (P. C. 28. a. 83. b. Says the Prosecutor may in the beginning Proceed either Civilly or Criminally at his pleasure for he may demand his Goods lost by the Testimony of good Men, altho’ they are Stolen and he may afterwards Prosecute the Party as a Felon by Appeal
But if he first Prosecute his Appeal he shall not afterwards descend and bring a Civil Action
Now we shall see how this agrees with the Opinion of the Judges in Cases where this Point has come in Question Serjeant Rolls in his Abr. 556. pi. 19. Says it was Adjudged in Days Case that if a Stranger takes my Horse or other Goods and sells them to I. S. No Action of Trespass lies against him And he gives the Reason, because it appeared to the Court to be Felony which belongs only to the King to Punish, for which he Cites Huggins Case Immediately afterwards he Abridges Huggins’s Case and it appears there was an Action of Trespass for beating the Pits. Wife so that she Languished six Weeks [118] and then died. Which being Felony the Action did not lie. The same Case is Reported Noy. 18. and the Judgment was given Accordingly.
But Janifield[1] gives another Reason, because the Wife was dead and she ought to have been joined, and there is no doubt but that Case is good Law. For Braxton excepts the Case de morts Nominis
In the Case of Markham and Cobb. 2. Rol. Abr. 557. pi. 52 (22[2]) *R6 Noy 82. and Latch 114 (144[1]). an action of Trespass was brought for breaking his House and taking and carrying away 3000^ of Money in Baggs. The Deft. Pleaded that he and another were Indicted for the same Offence, and Convicted of Felony and had his Clergy according to Rolls the action did nót lie. Because when it appears that the fact was Felony, the Party ought to Prosecute by way of Appeal to have his Goods again, or to Prosecute by Indictment and then to have his Goods by the Stat. 21. Hen. 8. for otherwise nobody wou’d Prosecute a Felony but wou’d only have Trespass for his private Interest
By the Opinion of Doddridge and Whitlock ag’t Jones as Rolls Reports But According to the Report of Noy Jones was of Opinion that the Action did not lie And Doddridge and Whitlock that it did lie Because an Indictment was a Suit of the Kings who cou’d not hinder the Subject of his right And by the Report of Latch it seems the three Judges were of one mind that the Action did not lie at first But Jones afterwards Changed his Opinion
Justice Jones reports the same Case Sr. W. Jones 147. which ought most to be depended upon where he tells us Doddridge and Whitlock gave Judgment for the Pit. in the Absence of the Chief Justice for a default in Pleading and not upon the matter of Law But as to the matter of Law Doddridge and Whitlock Prima facie were of Opinion that the Action did lie and the Party had his Election to bring Trespass or appeal And since he had not brought an Appeal he shall have Trespass Jones of another opinion. One of his Chief Reasons were (was[2]), that the Matter being found by Verdict that it was Felony The Averment Cou’d not be against it that it was Trespass, but if the Party had been Acquitted it wou’d have been otherwise and in the Conclusion he says what he had say’d to this Point was only Argumenti gratia and not his Absolute Opinion. So say’d the Other Judges But he puts in a Quere and says it is a point of great Consequence of both sides
So the Law Notwithstanding the Case was unsettled Whether a Man that is robbed after Convicting the Party may have an Action of Trespass for his Goods But the reason of the Case seems very strong that he may For surely Justice Jones’s difficulty, how a fact that [119] had been found Felony cou’d after become *R7 Trespass is easily Answered Being with respect to the King and Government Felony, and with respect to the private Interest of the Party robbed a Trespass only. So it is ruled in Dawkes and Covonaugh’s Case 2. Rol. Abr. 556. and Styl. 346.
And as to the other point, Whether before a Trial the Party robbed may have Trespass I can see no difference whether the offender be tried before or after bringing such an Action. Tho in Rol. Abr. ubi. supra pl. 23. it is say’d If the fact upon Evidence appears to be Felony the Action does not lie. It does not appear it was so Adjudged and Lutterols Case is an Authority in point that he may
But it was only Objected that it might be intended that the House was Leased But the Exception was overruled and Judgm’t for the Pit. by the whole Court except one

In MS. of Congressional Library, p. 118, it seems to be “Tarnfield.” — R. T. B.

Xhis insertion is William Green’s.

This insertion is William Green’s.

Id.